**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

          **v.**                         **04-CR-155E - 01**

**STEVEN KURTZ,**

          **Defendant.**
_____

## DECISION AND ORDER

       This case was referred to the undersigned by the Hon. John T. Elfvin, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

       The defendant, Steven Kurtz ("the defendant"), has been indicted with a co-defendant, Robert Ferrell[1], in a multi-count indictment with having violated Title 18 U.S.C. § 1341 - Mail Fraud (Counts 1 and 2) and § 1343 - Wire Fraud (Counts 3 and 4). (Docket #1).  He has filed an omnibus motion (Docket #19) wherein he seeks: (1) "an order striking a portion of the indictment as prejudicial and misleading;" (2) a bill of particulars; (3) "discovery pursuant to Rule 16 and notice of intention pursuant to 'Rule

---

[1] It has been established to the satisfaction of this Court that the defendant, Robert Ferrell, presently suffers from a serious and perhaps terminal illness.  As a result, his case has been held in a state of dormancy at his request, pending medical treatment and prognosis.

12(d)'" (sic)[2]; (4) disclosure of Brady material; (5) "revelation of identity of informants;"

(6) "disclosure of evidence proffered under Rule 404(b) and the exclusion of any such

evidence found to be inadmissible;" (7) "search of personnel files of government agent

witnesses;" (8) "preservation of evidence;" and (9) "disclosure of Rule 807 'residual

exception' statements."   The defendant also requests permission to file "further

motions."

The government has responded to each of these requests.  (Docket #30).

Each one of these requests will be addressed separately herein.

## DISCUSSION AND ANALYSIS

### 1.    Defendant's Motion To Strike "Surplusage" In The Indictment:

The defendant seeks to have ¶ 23 of the Indictment (Docket #1) stricken

claiming that the contents therein are "surplusage" of an "inflammatory and prejudicial"

nature and are "irrelevant" to the crimes charged."  (Docket #19, ¶¶ 166, 168).

In response, the government asserts that "the challenged paragraph

consists of an electronic message created and sent by defendant Kurtz to defendant

Ferrell, and is directly relevant and admissible as to Counts 1 and 2 of the Indictment,

---

[2] Counsel for the defendant erroneously cites the wrong subdivision of Rule 12 of the Fed. R. Crim. P. since Rule 12 was amended effective December 1, 2002 by moving the language in former Rule 12(d) to the present Rule 12(b)(4)(B) Fed. R. Crim. P.

which alleges, in essence, that Kurtz illegally received from defendant Ferrell the

biological organism serratia marcens (sic).  The message will enable the jury to

perceive the familial (sic) relationship between the parties ('High Bob;' Best, Steve'),

and the willing complicity of both in the acquisition of the bacteria."  (Docket #30, p. 56).


Rule 7(d) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.")

states as follows:


> Surplusage.  Upon the defendant's motion, the court may
> strike surplusage from the indictment or information.

In addressing the application of that provision, the Court of Appeals for

the Second Circuit has expressly stated:


> Motions to strike surplusage from an indictment will be
> granted only where the challenged allegations are "not
> relevant to the crime charged and are inflammatory and
> prejudicial."  *United States v. Napolitano*, 552 F.Supp. 465,
> 480 (S.D.N.Y. 1982) (citing authorities).  "[I]f evidence of the
> allegation is admissible and relevant to the charge, then
> regardless of how prejudicial the language is, it may not be
> stricken."  *United States v. DePalma*, 461 F.Supp. 778, 797
> (S.D.N.Y. 1978).  In RICO cases, courts have refused to
> strike allegations of organized crime connections that "serve
> to identify the 'enterprise' and the means by which its
> members and associates conduct various criminal activities."
> *Napolitano*, 552 F.Supp. at 480; *see also United States v.
> Rastelli*, 653 F.Supp. 1034, 1055 (E.D.N.Y. 1986); *United
> States v. Santoro*, 647 F.Supp. 153, 176-77 (E.D.N.Y.
> 1986), *aff'd mem.*, 880 F.2d 1319 (2d Cir. 1989).

*United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990).

For purposes of this motion, this Court is satisfied that the allegations set forth in ¶ 23 of the Indictment (Docket #1) are relevant to the crimes charged in Counts 1 and 2 of the Indictment in that they tend to establish a relationship between the defendant and co-defendant Ferrell that was utilized in providing a means for the defendant to obtain biological materials which he could not obtain on his own application.  Therefore, the defendant's motion to strike the allegations contained in ¶ 23 of the Indictment is DENIED.

## 2.    Defendant's Request For A Bill Of Particulars:

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars containing a detailed description of the times, places, events, and property as well as alleged harm suffered as alleged in the four counts of the indictment since he claims that without such information, "counsel's ability to prepare a defense is significantly impaired and it is likely that prejudicial surprise at trial will occur." (Docket #19, ¶¶ 170, 174).

In response, the government asserts that the defendant has failed to establish a need for the particulars sought especially since "the discovery [provided by the government] along with the Indictment itself, in essence provides the defendant with all of the particulars he requests."  (Docket #30, p. 62).

-4-

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).   The charges in the Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crimes charged.   As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

### 3(a).   Discovery Pursuant To Rule 16 Fed. R. Crim. P.:

In response to this request, the government represents "that it has provided all discovery required under Rule 16."  (Docket #30, p. 65).  As a result, defendant's request is DENIED on the basis that it is moot.

### (b).   Notice Of Intention Pursuant to Rule 12(b)(4)(B):

The government has given notice to the defendant "that it seeks to introduce against the defendant all evidence in its possession relating to the defendant, including that seized pursuant to the search warrants [herein], evidence obtained through the defendant's consent, and/or evidence developed and obtained through the Grand Jury process."  (Docket #30, pp. 65-66).  Therefore, the defendant's request for such disclosure is DENIED on the basis that it is moot.

### 4.   Defendant's Request For Production Of *Brady, Giglio* and *Jencks* Materials:

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the

government does not possess any "'exculpatory' material within the contemplation of *Brady*." (Docket #30, p. 67 ).  The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.  As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**5.     Defendant's Request For Disclosure Of Informants' Identity:**

Since the government has represented that it "did not utilize informants in this case" (Docket #30, p. 70), the defendant's request is DENIED on the basis that it is moot.

**6.     Disclosure Of Rule 404(b) F.R.E. Evidence:**

The defendant moves for "pre-trial disclosure pursuant to Federal Evidence Rule 404(b) of any evidence which the government will seek to proffer at trial and for the exclusion of any such proffered evidence found to be inadmissible pursuant to Federal Evidence Rules 403 and 404(b)."  (Docket #19, ¶ 231).

In response, the government states that "the defendant's possession of the biological materials at issue in this case could be deemed 404(b) information as such possession amounts to a violation of the prohibition against biological weapons statute, 18 U.S.C. § 175(b)" and that "evidence relating to such 404(b) information has been provided in discovery."  The government also represents that "if [it] learns of [additional Rule 404(b) evidence], it will disclose it prior to trial consistent with this Rule." (Docket #19, pp. 70-71).

Rule 404(b) F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial."  This has been done, and as a result, defendant's request

on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's motion, is best left to the determination of the trial judge at the time of trial.

### 7.    Search Of Personnel Files Of Government Agent Witnesses:

Relying on the authority of *Kyles v. Whitley*, 514 U.S. 419 (1995) and *United States v. Payne*, 63 F.3d 1200 (2d Cir. 1995), the defendant requests an order requiring the government "to search the personnel files and records of any agent (including employees of the Internal Revenue Service) or police witness (including Federal Bureau of Investigation agents) in this case to determine whether there exists Brady or Giglio material which must be disclosed to the defense."  (Docket #19, ¶ 240).

In response, the government represents that it "in fact conducts such a search of the personnell (sic) files of its witnesses, and discloses Brady or Giglio information where appropriate."  (Docket #30, p. 71).

Subject to the admonition of this Court in paragraph numbered 4 above, the defendant's request is DENIED on the basis that it is moot.

8.     **Defendant's Request For The Preservation Of Evidence:**

The defendant seeks to have all evidence "relating in anyway to this indictment" preserved.  This is an overly broad request for which there is no legal support.  However, in the body of this particular request, it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby directed to maintain and preserve all materials that are known by the government to exist that constitute potential *Jencks* and Rule 16, Fed. R. Crim. P. material in this case.

### 9.    Defendant's Request For Disclosure Of
### Rule 807, F.R.E. "Residual Exception" Statements:

The government represents that it "is unaware of any such evidence in this case."  (Docket #30, p. 72).

This request is DENIED on the basis that it is moot by reason of the requirements contained within Rule 807 of the F.R.E. wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

### 10.    Defendant's Request To File Further Motions:

The defendant requests permission "to make further and additional motions which may be required and advisable in light of newly disclosed or discovered evidence, this Court's ruling, or the relief sought herein."  (Docket #19, ¶ 250).

This request is GRANTED subject to the limitations as contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in**

**the District Judge's refusal to consider the objection.**

**S/ H. Kenneth Schroeder, Jr.**

**H. KENNETH SCHROEDER, JR.**

**United States Magistrate Judge**

**DATED:**     **Buffalo, New York**
                    **January 12, 2006**